IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA | * |
| | * |
| | *   Magistrate Judge Robin M. |
| | *   Merriweather |
| v. | * |
| | *   Case No.: 1:21-mj-00460 |
| KEVIN DOUGLAS CREEK, | * |
| | * |
| Defendant. | * |
| | * |

* * * * * * * * * * * * *

**DEFENDANT'S MOTION FOR REVOCATION OF DETENTION ORDER
AND REQUEST FOR EXPEDITED HEARING**

Defendant, **KEVIN DOUGLAS CREEK**, by and through his counsel, Brian M. Boyle and C. David Joyner[1], hereby moves this Honorable Court for Revocation of Detention Order imposed by the U. S. Magistrate Judge Linda T. Walker, Northern District of Georgia, on June 14, 2021. *See* Order dated June 14, 2021 a true and correct copy of which is attached hereto as Exhibit A. Mr. Creek also respectfully requests an expedited hearing of this matter pursuant to 18 U.S.C. § 3145(b).

## I. PROCEDURAL HISTORY

On or about June 4, 2021, Defendant, **KEVIN DOUGLAS CREEK**, was charged with the following offenses:

**18 U.S.C. § 1752 (a)(1)- Knowingly Entering or Remaining in any Restricted Building or Grounds Without Lawful Authority,**

**18 U.S.C. § 1752 (a)(2)- Disorderly and Disruptive Conduct in a Restricted Building orGrounds,**

**18 U.S.C. § 1752 (a)(4)- Engaging in Physical Violence in a Restricted Building or Grounds,**

**40 U.S.C. § 5104 (e)(2) (D)- Disorderly Conduct on Capitol Grounds,**

---

[1] Motion for admission *pro hac vice* to be filed.

**40 U.S.C. § 5104 (e)(2) (F)- Physical Violence on Capitol Grounds,**

**18 U.S.C. § 231 (a)(3)- Obstruction of Law Enforcement During Civil Disorder, and**

**18 U.S.C. § 111 (a)(1)- Assault, Resisting or Impeding Certain Officers.**

These charges are based on alleged incidents involving the Defendant on January 6, 2021, in Washington, D.C. The Defendant was present for a peaceful protest/ rally on that date in the District of Columbia but was not there to engage in any form of violent protest or plan to overthrow the Government. Mr. Creek did not enter the Capitol Building at any time, nor was anyone physically harmed by the alleged actions of Kevin Creek.

On June 9, 2021, Defendant, was arrested and detained in the Atlanta City Detention Center until his Initial Appearance could be scheduled. Defendant appeared with counsel, C. David Joyner, for his Initial Appearance on June 10, 2021, in the Court of The Honorable U.S. Magistrate Judge Linda T. Walker. Ryan Buchanan, an Assistant U.S. Attorney for the United States District Court for the Northern District of Georgia, appeared on behalf of the government. Contrary to a Pretrial Services Report recommending Mr. Creek's release with conditions and an unsecured bond presented to all parties and the Court at that time, the Government moved for a continued detention under 18 U.S.C. §§ 3142(e) which prompted a continuance being granted for the purpose of preparing for a detention hearing. A true and correct copy of the Pretrial Services Report recommending Mr. Creek's pretrial release is attached hereto as <u>Exhibit B</u>.

A detention hearing was conducted with all parties present on June 14, 2021. After the court heard brief argument from Assistant U.S. Attorney Ryan Buchanan, and counsel for Defendant, C. David Joyner, and after considering the recommended bond conditions set out in the Pretrial Services Report, the court granted the Government's motion and request for continued detention of the Defendant pursuant to 18 U.S.C. § 3142(f)(1). Defendant remains in

custody at the present time and is being housed at the Clayton County Detention Center in Lovejoy, Georgia.

## II. ARGUMENT AND CITATION OF AUTHORITY

This Court must review the U.S. Magistrate Judge's detention order promptly and under a *de novo* standard of review. See U.S.C § 3145(b); *United States v. Fortna*, 769 F.2d 243, 249 (5th Cir. 1985).

Pretrial release should only be denied for "the strongest of reasons." *Truong Dinh Hung v. United States*, 439 U.S. 1326, 1329 (1978) (citation omitted). Indeed, it is well understood that when Congress enacted the Bail Reform Act it retained the preference for the release of most defendants prior to trial. *See United States v. Byrd*, 969 F.2d 106, 109 (5th Cir. 1992) ("There can be no doubt that this Act clearly favors non-detention."). Given this fact, the provisions of the Bail Reform Act should be narrowly construed in favor of release. *See, e.g., United States v. Singleton*, 182 F.3d 7, 23 (D.C. Cir. 1999); *United States v. Hinote*, 789 f.2d 1490, 1941 (11th Cir. 1986) (It is required "that we strictly construe provisions of the Bail reform Act of 1984). *Cf. Williams v. United States*, 458 U.S. 279, 290 (1982) (Criminal statutes should be narrowly construed in favor of the defendant).

As argued by counsel for Defendant during the detention hearing, Defendant is not a flight-risk nor is there a risk of violence toward another. Mr. Creek has been cooperative in every aspect of the investigation. Mr. Creek was interviewed, with his counsel, by Officers with the Federal Bureau of Investigation on May 21, 2021. Additionally, when notified that a search warrant had been obtained and was being executed at his home, Mr. Creek returned home from work and fully cooperated with the officers who were present. Mr. Creek also provided his PIN

number in order that his phone could be accessed by the officers. Ultimately, Kevin Creek peacefully surrendered himself on June 9, 2021, and has remained in custody since that time.

Mr. Creek has not tried to flee or obstruct any search, seizure or effectuation of any warrant or aspect of this case. Mr. Creek has not attempted to contact any witnesses or otherwise attempt to obstruct justice.

As clearly outlined in the Pretrial Services Report, Mr. Creek is a self-employed, family man who has and will continue to cooperate fully with the U.S. Pretrial Services. He will absolutely comply with all special conditions recommended in the Pretrial Services Report including, but not limited to, surrendering his passport, surrendering any and all weapons, remaining within the Northern District of Georgia, unless required to appear in Court in the District of Columbia, and will faithfully report to the pretrial officer as required.

As is also stated in the Pretrial Services Report, Mr. Creek was previously in the United States Marine Corp, was honorably discharged, and has no prior arrests or convictions for any alleged incidents of violence. Thus, as concluded by the officers who prepared the Pretrial Services Report, Mr. Creek should be released with special conditions.

Mr. Creek is a very involved Father, has been traveling to and from volleyball tournaments and touring college campuses with his daughter since January 6, 2021. On these trips to various locations within the United States, Mr. Creek has cooperated with the local and federal authorities each and every time he and his daughter were delayed at checkpoints in the airports by the TSA. Mr. Creek has returned back home to Georgia on each occasion and has continued his daily life, including the operation of his roofing business which employs several people.

## III. CONCLUSION

Due to the fact Mr. Creek has demonstrated that he will not be a flight risk; will not obstruct or attempt to obstruct justice; is not a serious risk to threaten, injure or intimidate prospective witnesses or jurors; and has been cooperative with investigators from the beginning of their investigation, concluding in his peaceful and timely surrender, he is an appropriate candidate for Pretrial Release under the special conditions set forth in the Pretrial Services Report prepared by a United States Probation Officer. Mr. Creek should be immediately released pursuant to 18 U.S.C. 3142.

Respectfully Submitted,

_____/s/\_\_\_\_Brian M. Boyle_____
Brian M. Boyle
DC Bar# 999925
Neuberger, Quinn, Gielen, Rubin & Gibber, P.A.
One South Street, 27th Floor
Baltimore, Maryland 21202
410-332-8541 (Direct)
410-332-8543 (Fax)
bmb@nqgrg.com

C. David Joyner (motion for admission *pro hac vice* to be filed)
C. David Joyner, P.C.
Attorney for Defendant
Georgia Bar No. 405528
1305 Mall Of Georgia Blvd.
Suite 130
Buford, Georgia 30519
(770) 614-6415 (phone)
(770) 614-7678 (fax)
djoyner@cdavidjoynerpc.com

*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY, that on this 17th day of June 2021, Defendant's Motion for Revocation of Detention Order and Request for Expedited Hearing was filed and sent via ECF, to:

>Jacob Strain
>Assistant United States Attorney
>111 South Main Street, #1800
>Salt Lake City, Utah 84111
>
>*Counsel for the United States*

                                                   /s/   Brian M. Boyle
                                                 Brian M. Boyle